**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JAN 4 2001**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

STANLEY BROWN-BEY,

    Petitioner-Appellant,

    v.

STATE OF COLORADO,
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents-Appellees.

No. 00-1253

D. Colo.

(D.C. No. 99-M-1273)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. [**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Mr. Brown-Bey, appearing pro se, appeals from the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 and requests a certificate of appealability. Mr. Brown-Bey is currently serving a life sentence upon a conviction of aggravated robbery and sentencing as a habitual criminal under Colorado law. In his habeas petition, he raised five issues, three of which the district court determined were unexhausted claims. He does not contest that three of his claims raised below were unexhausted. On appeal, Mr. Brown-Bey limits his petition to the two exhausted issues: (1) waiver of his right to counsel without adequate warning of his rights and the consequences; and (2) a due process violation for testimony elicited after Mr. Brown-Bey exercised his Fifth Amendment privilege against self-incrimination.

We review the district court's legal determinations with regard to the denial of a habeas corpus petition de novo. See Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999). We construe the pleadings and papers of a pro se appellant liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Under the principles of federal-state comity, a federal court should dismiss a state prisoner's federal habeas petition if the petitioner has not exhausted available state court remedies. See id.;

Coleman v. Thompson, 501 U.S. 722, 731 (1991). A claim is exhausted if a state appellate court has had the opportunity to rule on the claim, or if the petitioner has no available state avenue of redress. See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992).

"If a federal court . . . is faced with a mixed petition [and] determines that the petitioner's unexhausted claims would now be procedurally barred in state court, 'there is a procedural default for purposes of federal habeas.'" Harris v. Champion, 48 F.3d 1127, 1131 n.3 (quoting Coleman, 501 U.S. at 735 n.1). Here, the petitioner did not respond to the state's claims the unexhausted claims were procedurally barred under Colorado law, and the district court subsequently denied Mr. Brown-Bey's petition.

Mr. Brown-Bey may resubmit his petition and include only the exhausted claims, or he may seek to exhaust the remaining claims in state court. See Rose, 455 U.S. at 510 ("Those prisoners who . . . submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims."). We note that "[a] petition filed after a mixed petition has been dismissed under Rose v. Lundy before the district court adjudicated any claims is to be

treated as 'any other first petition' and is not a second or successive petition." Slack v. McDaniel, 120 S. Ct. 1595, 1605 (2000) (quoting Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998)).

Accordingly, we GRANT Mr. Brown-Bey's motion to proceed in forma pauperis, DENY his request for a certificate of appealability, and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge